**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. __________________**

Minru Lin,

Plaintiff,

v.

The Partnerships, Unincorporated Associations Identified on Schedule A,

Defendants.

____________________________________________________ /

## COMPLAINT

Plaintiff Minru Lin ("Plaintiff" or "Lin"), hereby brings the present action against the Partnerships and Unincorporated Associations Identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

## INTRODUCTION

1. This is an action for design patent infringement against e-commerce store operators who, without authorization, make, use, offer for sale, sell, or import into the United States products that infringe Plaintiff's design patent, titled "Bedside Table," U.S. Patent No. D1,041,209 (the "D'209 Patent"). The D'209 Patent is valid, subsisting, and in full force and effect. Plaintiff is the owner and lawful assignee of all right, title, and interest in and to the D'209 Patent, which was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the D'209 Patent is attached hereto as **Exhibit 1**.

2. Without authorization from Plaintiff, Defendants make, use, offer for sale, sell, and import into the United States products embodying the design claimed in the D'209 Patent. Defendants sell these infringing products to consumers throughout the United States through numerous e-commerce stores operating under the Seller Aliases identified on Schedule A, while

concealing their identities and the scope of their operations to avoid liability. Defendants offer the same infringing product, and their stores share common product images, listing text, and storefront features indicating that the products originate from a common source. Plaintiff's right to relief against each Defendant therefore arises out of the same series of transactions or occurrences involving the same accused product, and presents questions of fact common to all Defendants.

3. Plaintiff is forced to file this action to combat Defendants' infringement. Plaintiff has been and continues to be irreparably damaged from the loss of her right to exclude, and, therefore, seeks injunctive and monetary relief.

**JURISDICTION AND VENUE**

4. This Court has original subject matter jurisdiction over the patent infringement claim arising under the patent laws of the United States pursuant to 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

5. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Florida, through their fully interactive e-commerce stores operating under the seller aliases ("Seller Aliases") identified on attached **Schedule A**.

6. Upon information and belief, Defendants systematically direct and target their business activities at consumers in the United States, including consumers in Florida and in this Judicial District. Defendants do so through one or more online marketplace accounts, including accounts on Amazon, Walmart, AliExpress, eBay and Temu, as well as accounts on other marketplace platforms not yet discovered ("Defendants' online stores"). Through Defendants' online stores, consumers in this Judicial District can view Defendants' listings for infringing products, communicate with Defendants about those listings, place orders, receive invoices, and

purchase the infringing products for delivery in Florida. Through their online stores, Defendants establish regular business with the United States, including Florida and this Judicial District.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendants have committed patent infringement in this Judicial District and do substantial business in the Judicial District.

## THE PARTIES

**Plaintiff**

8. Plaintiff is an individual residing in Shenzhen, China.

9. Plaintiff has been engaged in the design, distribution, licensing and sale of bedside tables used to provide convenient storage and functional surface space in bedrooms. These tables offer a practical place to keep lamps, books, personal belongings, and other everyday essentials within easy reach. This is especially beneficial for homeowners, renters, and consumers seeking to improve the organization, functionality, and appearance of their bedrooms.

10. Plaintiff has devoted significant time and resources to designing the bedside tables. The ornamental design claimed in the D'209 Patent not only possesses distinctive aesthetic appeal but has also gained popularity and recognition among consumers. The unique appearance claimed in the D'209 Patent is the result of Plaintiff's innovative approach to furniture design and has helped establish Plaintiff's reputation in the market for bedroom furniture.

11. Plaintiff is the lawful owner of all right, title, and interest in and to the D'209 Patent, which was issued on September 10, 2024. Genuine products embodying the design claimed in the D'209 Patent are distributed and sold to consumers throughout the United States, including in Florida, by authorized sellers, including through online platforms such as Amazon, Walmart, AliExpress, eBay and Temu.

| The D'209 patent |
| --- |
|  |
|  |
|  |









**Defendants**

12. Defendants are individuals and business entities identified on the attached Schedule A, who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and operate in the People's Republic of China. [1] Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

[1] According to a U.S. Customs and Border Protection (CBP) report, in 2025, from Fiscal Year (FY) 2021 to FY 2025, the total number of goods seized for intellectual property rights violations has more than doubled, with the

13. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed on Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to discover Defendants' true identities and the exact network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

**Defendants' Unlawful Conduct**

14. The commercial success of Plaintiff's bedside table design has resulted in significant infringement. Plaintiff has identified numerous e-commerce stores offering products that infringe the D'209 Patent on online marketplace platforms such as Amazon, Walmart, AliExpress, eBay and Temu, including the e-commerce stores operating under the Seller Aliases identified in Schedule A. These Seller Aliases target consumers throughout the United States, including Florida and this Judicial District.

15. Plaintiff has never licensed or otherwise authorized any Defendant to make, use, offer to sell, sell, or import into the United States any product embodying the design claimed in the D'209 Patent. On information and belief, Defendants have knowingly and willfully infringed and continue to infringe the D'209 Patent by engaging in one or more of those unauthorized acts.

---

estimated manufacturer's suggested retail price of that merchandise over $7.4 billion. *Intellectual Property Rights Seizure Statistics, Fiscal Year 2025*, U.S. Customs and Border Protection (attached hereto as **Exhibit 2**). China and Hong Kong have consistently been among the top countries for IPR seizures. In FY 2025, seizures from China and Hong Kong accounted for approximately 67% of the total quantity of violative merchandise seized. *Id*.

Third-party service providers like those used by Defendants do not adequately verify or confirm the identities of new sellers, which allows sellers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." *See* Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L.&BUS. 157, 186 (2020) (attached hereto as **Exhibit 3**). Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id*. at 186-187. These enforcement realities inform the scope of relief necessary to prevent Defendants' continued infringement and to prevent circumvention of any order entered by this Court.

16. Through Defendants' online stores, Defendants target consumers throughout the United States, including consumers in Florida and this Judicial District. The stores offer shipping to Florida, display prices and accept payment in U.S. dollars, and accept payment through credit cards, Alipay, Amazon Pay, PayPal, and other payment methods available to U.S. consumers. On information and belief, Defendants have sold and shipped infringing products to consumers in Florida.

17. Each Defendant offers the same infringing product for sale. The products offered by Defendants are identical to one another in overall shape, configuration, proportions, and ornamental features. Each is also substantially the same as the design claimed in the D'209 Patent, such that an ordinary observer, giving such attention as a purchaser ordinarily gives, would find the accused design substantially the same as the claimed design.

18. On information and belief, the infringing products offered by Defendants originate from a common manufacturer or supplier. Defendants' online stores use identical or substantially similar product images, listing text, and keywords; and comparable pricing. The infringing products also display the same distinctive manufacturing irregularities and packaging. These shared characteristics support an inference of common sourcing and coordination.

19. Accordingly, Plaintiff's right to relief against each Defendant arises out of the same series of transactions or occurrences involving the same accused product, and Plaintiff's claims present common questions of fact, including whether the infringing products infringe the D'209 Patent and whether Defendants obtained them from a common source.

20. On information and belief, Defendants operate multiple e-commerce stores under multiple Seller Aliases and create or acquire replacement aliases after a store is disabled or becomes the subject of enforcement action. Defendants provide false or incomplete identifying

information when registering their stores, which impedes Plaintiff's ability to identify the operators and the full scope of their operations. Further, Defendants use multiple payment accounts and transfer sales proceeds to accounts outside the United States to conceal assets and frustrate enforcement of any judgment or order entered by this Court.

21. Defendants' infringement has caused and, unless enjoined, will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law.

**COUNT I - DESIGN PATENT INFRINGEMENT (35 U.S.C. § 271)**

22. Plaintiff repleads and incorporates by reference paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. Without authority from Plaintiff, Defendants have made, used, sold, offered for sale, and imported into the United States the infringing products, in violation of 35 U.S.C. § 271(a).

24. To an ordinary observer, the design of the infringing products is substantially the same as the design claimed in the D'209 Patent. For example, the images below compare the figures of the D'209 Patent with an infringing product offered for sale in one of Defendants' online stores. A side-by-side comparison of the figures of the D'209 Patent and the infringing product offered for sale by Defendants is shown in a table below.

| **The D'209 patent** | **Infringing Products** |
|---|---|
|  |  |

| | |
|---|---|
|  |  |
|  |  |
|  |  |

| | |
|---|---|
|  |  |
|  |  |
|  |  |

| | |
|---|---|
|  |  |

25. Defendants' infringement has been and continues to be willful, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284.

26. Defendants have infringed the D'209 Patent through the acts described above and will continue to do so unless enjoined by this Court. Defendants' conduct has caused and continues to cause Plaintiff irreparable harm, including loss of Plaintiff's right to exclude others from making, using, selling, offering for sale, and importing the patented design, for which there is no adequate remedy at law.

27. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

28. Plaintiff is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. § 284, or, at Plaintiff's election, Defendants' total profits from sales of the infringing products pursuant to 35 U.S.C. § 289.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing products;

b. aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the infringing products; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as AliExpress, Amazon, eBay, Walmart, Etsy and Temu shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the infringing products;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the D'209 patent, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

4) That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of Plaintiff's D'209 Patents be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

5) That Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of the D'209 patent, pursuant to 35 U.S.C. § 289;

6) That Plaintiff be awarded her reasonable attorneys' fees and costs; and

7) Award any and all other relief that this Court deems just and proper.

Date: November 17, 2026.

Respectfully submitted,

/s/ Andrew Palmer
Andrew J. Palmer
ajpalmer@palmerlawgroup.com
Tony Palmer
tpalmer@palmerlawgroup.com
Palmer Law Group, P.A.
110 East Broward Blvd, Suite 1700
Fort Lauderdale, FL 33301
Phone: 954-491-1300
***Attorney for Plaintiff***

**Schedule A Defendants**

| Def. # | Seller Aliases | Defendants' Store URLs |
|---|---|---|
| 1 | Aqimuele-us | https://www.amazon.com/sp?seller=A3873Z4HD2YM0J |
| 2 | HOCAT | https://www.amazon.com/sp?seller=A1WFVT290GNS2E |
| 3 | WLIVE | https://www.amazon.com/sp?seller=A2XKE81PYMCHT4 |
| 4 | ModaRoot | https://www.amazon.com/sp?seller=AZ14DL23PLFF6 |
| 5 | KOMFOTT | https://www.amazon.com/sp?seller=A23ILOFRZQSBV3 |
| 6 | EarthDirect | https://www.amazon.com/sp?seller=A1PG3FD21AA8G5 |
| 7 | XIANGMU | https://www.amazon.com/sp?seller=A3L0IPS828MA25 |
| 8 | XUEMIN | https://www.amazon.com/sp?seller=A368PDNL8STNBJ |
| 9 | PlnorKax | https://www.amazon.com/sp?seller=ANPJOY15SGAIZ |
| 10 | Giantex | https://www.amazon.com/sp?seller=A1KP5NGF2WM32D |
| 11 | WANG1JINGNI 品牌已备案,跟卖必究 | https://www.amazon.com/sp?seller=A15YO9VZRY1RUG |
| 12 | CraftThink | https://www.amazon.com/sp?seller=A2GX01CV8RZ9HQ |
| 13 | FENGRONGXIN | https://www.amazon.com/sp?seller=ATXHHNKK5VUD7 |
| 14 | telkener | https://www.amazon.com/sp?seller=A19X4X9C7TLC16 |
| 15 | OaklumeUS | https://www.amazon.com/sp?seller=A3I2GD24ZW7S7X |
| 16 | xufeng shop | https://www.amazon.com/sp?seller=AZTAGU6GQ9ETR |
| 17 | WWANSHANBH | https://www.amazon.com/sp?seller=AX3WWALPL604S |
| 18 | ZHENGQIAN SHOP | https://www.amazon.com/sp?seller=A3F8VYWX24LBOU |
| 19 | yaoweishangmao0828 | https://www.amazon.com/sp?seller=A14BRLN2OZ70T7 |
| 20 | Wilk shop | https://www.amazon.com/sp?seller=AF8M5GRRM5TZL |
| 21 | zhmeiguo222 | https://www.amazon.com/sp?seller=A11OA35WKT6II4 |
| 22 | QiDe Store | https://www.amazon.com/sp?seller=A3OFU759UBY30Y |
| 23 | HASLE OUTFITTERS | https://www.walmart.com/global/seller/101406211 |
| 24 | Hotworld | https://www.walmart.com/global/seller/101191133 |
| 25 | TTLM | https://www.walmart.com/global/seller/103079905 |
| 26 | QHTER | https://www.walmart.com/global/seller/103113724 |
| 27 | Chen Li | https://www.walmart.com/global/seller/103238946 |
| 28 | LUDORU Direct | https://www.walmart.com/global/seller/102502412 |
| 29 | Joozen | https://www.walmart.com/global/seller/103140389 |
| 30 | The small shops in my hometown | https://www.walmart.com/global/seller/103131875 |
| 31 | Furnibear | https://www.walmart.com/global/seller/102706396 |
| 32 | Globalway | https://www.walmart.com/global/seller/101066017 |
| 33 | GadgetPro | https://www.walmart.com/global/seller/103093328 |
| 34 | DEMO.11 | https://www.walmart.com/global/seller/103133642 |
| 35 | CHDG Centre | https://www.walmart.com/global/seller/103157419 |